UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER TATE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:04-CV-379 |
| MICHAEL WENGER, individually and in | ) |
| official capacity; JEFF LANCASTER, | ) Judge Curtis L. Collier |
| individually and in his official capacity; JOHN | ) |
| DOES, City of Chattanooga Police Officers; | ) |
| RON ROES, City of Chattanooga Police | ) |
| Supervisors, individually and in their official | ) |
| capacities; and THE CITY OF | ) |
| CHATTANOOGA, a Tennessee Municipal | ) |
| Corporation; | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Defendants filed motions for summary judgment on March 3, 2006 (Court File No. 31, 34). On March 17, 2006 Plaintiff, through counsel, requested additional time to respond to Defendants' motions because certain individuals had not been deposed (Court File No. 37). This motion was unopposed. The Court granted the motion and allowed Plaintiff to file a response on or before April 10, 2006 (Court File No. 38). Plaintiff filed a response on April 10, 2006 (Court File No. 39) but now requests leave to file an amended response because he failed to depose Captain Mike Williams, the head of the Chattanooga Police Department's Internal Affairs office, and Defendant Michael Wenger (Court File No. 40).

Defendant filed suit against Defendants in December 2004 alleging Defendant Wenger and other officers violated his civil rights (Court File No. 2, Amended Complaint). In his complaint,

Plaintiff mentions the Internal Affairs office (*Id.* at ¶ 14).  On May 20, 2005, the parties agreed discovery in this case would be concluded by February 10, 2006 (Court File No. 16).  This deadline, by agreement of the parties and to accommodate Plaintiff, was extended until March 31, 2006.  Yet, Plaintiff still failed to depose Defendant Wenger or anyone in the Internal Affairs office.

It is clear Plaintiff has known for a very long time he would need to depose Defendant Wenger and a person familiar with the policies and procedures of the Internal Affairs office in order to adequately respond to a motion for summary judgment.  Unfortunately, the failure to see that this was done timely has acted to frustrate the Court's own trial calendar.  The Court is limited in its time and resources.  Since the trial of this matter is near, the Court must ensure it has adequate time to make a reasoned and just decision on Defendants' motions for summary judgment while maintaining the scheduled trial date.  Allowing Plaintiff more time will not aid the Court in its efforts.  Accordingly, the Court **DENIES** Plaintiff's request for leave to amend his response to Defendants' motions for summary judgment (Court File No. 40).[1]

**SO ORDERED**.

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] In his motion Plaintiff also requests the Court to extend the deadline for discovery and "for other just relief" (Court File No. 40).  Defendants have opposed the requested relief (Court File No. 43).  Magistrate Judge Lee will handle those portions of Plaintiff's motion.