| | | |
|---|---|---|
| CHRISTOPHER TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04-CV-379 |
| v. | ) | |
| | ) | Collier/Lee |
| MICHAEL WENGER, individually and in his | ) | |
| official capacity; JEFF LANCASTER, | ) | |
| individually and in his official capacity; | ) | |
| JOHN DOES, City of Chattanooga Police | ) | |
| Officers; RON ROES, City of Chattanooga | ) | |
| Police Supervisors, individually and in their | ) | |
| official capacities; and THE CITY OF | ) | |
| CHATTANOOGA, a Tennessee Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

On May 17, 2006, plaintiff Christopher Tate ("Tate") filed a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a) [Doc. No. 65], with supporting memorandum [Doc. No. 66]. Tate seeks leave to amend his complaint to add a claim against defendant City of Chattanooga ("City") under 42 U.S.C. § 1983 for the negligent hiring of defendant Michael Wenger ("Wenger") pursuant to the decision in *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978) [Doc. No. 66 at 5].[1] All defendants have filed responses in opposition to Tate's motion for leave to amend [Doc. Nos. 68-1 and 69], and Tate has filed a reply [Doc. No. 70]. A

---

[1] Tate has not attached a proposed amended complaint to either his motion or supporting memorandum as required by E.D. TN. LR 15.1. Therefore, the Court must rely upon Tate's characterization of the proposed amendment.

hearing on Tate's motion was held on May 26, 2006. Present at the hearing were: (1) Attorney Amelia C. Roberts for Tate and Attorneys Phillip A. Noblett and Crystal R. Freiberg for the City and defendants Jeff Lancaster, John Does and Richard Roes.[2] For the reasons stated herein, it is **RECOMMENDED** Tate's motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a) [Doc. No. 65] be **DENIED**.

## II.   Tate's Motion

Tate asserts his motion should be granted because he "has, at long last, been able to take the deposition of Defendant Wenger, whereupon the Defendant made several admissions which would give rise to a *Monnell* [sic] claim against the Defendant City for the negligent hiring of the Defendant." [Doc. No. 66 at 1] (footnote omitted). Tate states:

> Wenger revealed at his deposition taken, May 11, 2006, that he admitted to several illegal activities and indicators of recklessness and poor judgment during his interviews with the Defendant Chattanooga Police Department. These included smoking marijuana twenty (20) times, driving under the influence fifteen (15) times, drinking under age twenty (20) times, and writing back checks.

[Doc. No. 66 at 2] (footnote omitted). Tate contends "[a]ll of these actions would indicate recklessness and poor judgment to support a *Monnell* [sic] claim for the negligent hiring of Defendant Wenger." [*Id.*]. Tate further contends that, under the City's written policy, "use of marijuana more than once is a permanent disqualification to being hired by the CPD" [*id.* at 3]. Tate asserts he only recently became aware of this information as the result of taking Wenger's deposition and receiving defendants' discovery responses [*id.* at 4]. Moreover, he contends the defendants

---

[2] Wenger's attorney, W. Gerald Tidwell, contacted the Court prior to the hearing to indicate he would not appear at the hearing, but would rely upon Wenger's Memorandum [Doc. No. 69] and the argument of counsel for the City.

would not be prejudiced by allowing the proposed amendment because his original and amended complaints include a state-law claim for negligent hiring [*id.; see also* Doc. No. 65 at 2 n.1].

Defendants respond the motion should be denied because they will be unfairly prejudiced if amendment to assert a new claim is allowed at this late date and because the proposed amendment is futile [Doc. No. 68-1 at 3]. Defendants contend they would be prejudiced because the discovery completion, dispositive motion, and motion in limine deadlines have passed, and because the final witness lists filed by the defendants do not include witnesses to refute a § 1983 claim for negligent hiring or to testify regarding the City's hiring practices [*id.*]. With respect to the alleged prejudice resulting from the passage of the dispositive motion filing deadline, the City contends when it timely filed its motion for summary judgment the issue of the City's alleged negligent hiring of Wenger under 42 U.S.C. § 1983 pursuant to *Monell* was not addressed because it was not a stated cause of action in the amended complaint [*id.* at 4-5]. The City contends allowing the proposed amendment after the dispositive motion filing deadline has passed, when it has not had the opportunity to brief the issue for a summary judgment, would be prejudicial to all of the defendants [*id.*].

To support their claim of futility, defendants have attached a copy of the City's standard operating procedures for recruit selection to their response to Tate's motion [Doc. No. 68-2]. In addition, defendants argue Wenger's admissions do not involve criminal convictions and, absent an amendment of the complaint, should "merely have been items for a motion in limine or objections at trial for relevance." [Doc. No. 68-1 at 3].[3]

---

[3] Defendants' argument that admissions during Wenger's deposition are inadmissible absent amendment is not addressed in this report and recommendation except to the extent it relates to the issue of possible prejudice. Evidentiary issues are reserved for handling by the district court judge.

3

### 1. Legal Standard

Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are among the reasons that a Court may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Delay alone generally is not a sufficient reason to deny leave to amend. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Ordinarily, there must be some "significant showing of prejudice to the opponent" before leave to amend will be denied. *Id.*

### 2. Futility

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). If in order to address the merits of a proposed amendment a court must review matters outside the pleadings, *i.e.*, matters which it could not properly consider on a Rule 12(b)(6) motion, then the proposed amendment is not futile. *Id.* at 421. At the hearing, the City conceded it is not possible to determine the alleged futility of Tate's proposed amendment from the pleadings alone. However, because the Court concludes Tate's motion for leave to amend should be denied due to the undue prejudice to defendants if the amendment is allowed, it is not necessary to further address the issue of futility.

### 3. Prejudice to Defendants

Tate asserts his motion to amend, which was filed a mere four weeks prior to the scheduled trial, is predicated upon certain admissions made by Wenger in his May 11, 2006 deposition. To

4

explain his delay in seeking to amend, Tate focuses on troubles encountered with his attempts to schedule Wenger's deposition. He contends most of the delay in taking Wenger's deposition is attributable to the defendants and their counsel. However, it is undisputed Tate did not even begin the process of initiating pertinent discovery until November 21, 2005 when he first sent written discovery to the defendants. This was almost a year after Tate filed his original complaint on December 6, 2004 [Doc. No. 1-1] and his amended complaint on December 9, 2004 [Doc. No. 2]. A scheduling conference was held on May 20, 2005 [Doc. No. 16 at 1] and the Court issued its scheduling order on June 9, 2005 [Doc. No. 16]. The scheduling order provided the discovery planning meeting would be held on May 20, 2005 [*id.* at 1], and initial disclosures would be made on May 31, 2005 [*id.* at 2]. In contrast to timely discovery, Wenger's deposition was first scheduled and noticed to take place on March 28, 2006, after written discovery responses were finally obtained from the defendants. Then, apparently due to circumstances largely contributed to by defendants and their counsel, Tate's deposition actually was not taken until May 11, 2006 [Doc. No. 70 at 4].

Tate has advanced an explanation for the delay in taking Tate's deposition between November 21, 2005 (when he initiated written discovery) and March 10, 2006 (when he received discovery responses from the defendants), and he has advanced an explanation for the delay in taking Wenger's deposition between March 10, 2006 and the time of the actual taking of Wenger's deposition on May 11, 2006. However, no reasonable explanation has been offered for Tate's delay in initiating the discovery process until November 21, 2005. During the hearing, Tate made reference to the discovery delay being somehow related to avoidance of potential retaliation in a criminal prosecution of Tate, but no explanation was given for Tate's failure to seek appropriate extensions of the scheduling order or failure to take steps to ensure discovery could be timely

5

completed.

A closely-related issue was previously addressed by the Court with respect to Tate's motion for sanctions, which was based upon the defendants' failure to produce certain properly noticed witnesses, including Wenger, for deposition [Doc. No. 40-1]. Tate's motion for sanctions sought additional time and leave for Tate to supplement his opposition to defendants' motions for summary judgment [*id.* at 3]. In an order denying Tate's requested sanction, the Court stated:

> [Tate] filed suit against Defendants in December 2004 alleging Defendant Wenger and other officers violated his civil rights. . . . On May 20, 2005, the parties agreed discovery in this case would be concluded by February 10, 2006. This deadline, by agreement of the parties and to accommodate Plaintiff, was extended until March 31, 2006. Yet, Plaintiff still failed to depose Defendant Wenger or anyone in the Internal Affairs Office.
> It is clear Plaintiff has known for a very long time he would need to depose Wenger . . . in order to adequately respond to a motion for summary judgment. Unfortunately, the failure to see that this was done timely has acted to frustrate the Court's own trial calendar. The Court is limited in its time and resources. Since the trial of this matter is near, the Court must ensure that it has adequate time to make a reasoned and just decision on Defendants' motion for summary judgment while maintaining the scheduled trial date. Allowing the Plaintiff more time will not aid the Court in its efforts.

[Doc. No. 46 at 1-2] (internal citations omitted).

Applying the same reasoning, allowance of the proposed amendment would result in significant prejudice to the defendants under the Court's current scheduling order. This matter is scheduled for trial in less than two weeks, the discovery completion, dispositive motion, and motion in limine deadlines have all passed, and the defendants' final witness lists have been filed. Further, on March 3, 2006, all of the defendants filed motions seeking summary judgment [Doc. Nos. 31 and 34]. These motions are now fully briefed and pending before the Court, and the issue Tate seeks to raise in his proposed amendment has not been addressed in the defendants' motions.

6

The Sixth Circuit has repeatedly held that allowing an amendment to a complaint after the close of discovery creates significant prejudice. *Gormley v. Precision Extrusions, Inc.*, No. 05-1326, 2006 WL 891061, * 2 (6th Cir. Apr. 4, 2006). *See also Holland v. Metropolitan Life Ins., Co.*, No. 88-1347, 1989 WL 8994, * 2 (6th Cir. Feb. 3, 1989) (allowing an amendment to a complaint after the close of discovery imposes a greater burden on a defendant because the defendant will likely have begun trial preparation based on the issues aired in discovery). In *Duggins v. Steak "N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1989), the district court denied the plaintiff's motion to amend stressing that the discovery completion and the dispositive motion deadlines had passed. The district court noted the defendants would be prejudiced because they would be compelled to reopen discovery and would be deprived of their "anticipated 'closure'" by the amendment. *Id.* The Sixth Circuit upheld the district court's denial of the plaintiff's motion to amend finding allowance of the amendment at such a late stage in the litigation would create significant prejudice to the defendants. *Id.* Likewise, allowing Tate's motion to amend at the current advanced stage of this litigation would result in significant prejudice to the defendants.

Tate claims the defendants are not prejudiced by his proposed amendment because his amended complaint sets forth a state-law negligent hiring claim. Duplicate paragraphs of Tate's original and amended complaints state: "Plaintiff brings state statutory and tort claims against the Defendants for negligence, negligent hiring, training and supervision, assault and battery" [Doc. No. 1-1 at 2, Doc. No. 2 at 2]. Both the original and amended complaints also set forth in Count Six a claim labeled "42 U.S.C. § 1983 (Monell)" which does not specifically mention negligent hiring, and instead focuses on alleged failures to adequately train and supervise [Doc. No. 1-1 at ¶¶ 39-47. Doc. No. 2 at ¶¶ 39-47].

Defendants argue they were not on notice of a § 1983 claim for negligent hiring and further argue "[t]he fact that the plaintiff has filed his Motion to Amend clearly shows he does not now believe that negligent hiring was plead in either the original Complaint or the Amended Complaint which these defendants timely answered on March 31, 2005" [Doc. No. 68-1 at 2]. At the hearing, defendants represented no discovery had been taken as to the actual hiring practices and polices of the City at the time of Wenger's hiring.[4]

The Court cannot rule out the possibility defendants might have conducted discovery somewhat differently and/or conducted additional discovery had they known they faced a § 1983 claim for the negligent hiring of Wenger predicated on *Monell*. Likewise, the Court cannot rule out the possibility defendants would have included other or different witnesses or filed dispositive motions in response to the proposed claim. The Court concludes the defendants have made a significant showing of prejudice if amendment is allowed less than two weeks prior to trial.

Modification of a scheduling order is permitted if the moving party can demonstrate "'good cause' for the failure to comply with the original schedule by showing that despite diligence, he could not meet the original deadlines in the scheduling order" under Fed. R. Civ. P. 16. *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). However, no party has moved for modification of the scheduling order in connection with Tate's motion. Accordingly, the Court finds allowing Tate to amend his complaint at this late stage of the litigation would be procedurally unfair as it would result in undue prejudice to the defendants.

---

[4] The sole issue addressed herein is whether Tate's motion for leave to amend should be granted. Whether the hiring policies and practices referred to by Tate are the actual hiring policies and procedures in effect at the time of Wenger's hiring and/or whether defendants were on notice of his claim for negligent hiring for the purpose of admission of certain evidence at trial is not addressed herein.

### III. Conclusion

For the reasons stated above, it is **RECOMMENDED** Tate's motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a) [Doc. No. 65] be **DENIED**. Given the short time until trial, the parties agreed at the hearing that the time to file any objections to this report and recommendation is shortened to five days.[5]

s/Susan K. Lee<br>
SUSAN K. LEE<br>
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this report and recommendation must be served and filed within five (5) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).